### No. 11,464

### Orleans

---

## IN RE LIQUIDATION OF THE UNION PLANTING AND MFG. CO.

---

(April 1, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

---

Chas. T. Wortham, of Thibodaux, attorney for liquidators, appellants.

Henry L. Himel and Walter Lemann, of Donaldsonville, attorneys for Mrs. Waguespack, appellee.

JONES, J. In this case 400 sacks of rice, which had been inventoried and advertised as seed rice, were adjudicated at foreclosure sale to Mrs. Aubert Waguespack, along with certain real estate. When the purchaser sequestered the rice shortly thereafter, the liquidators of the Union Planting & Manufacturing Company filed a rule against Mrs. Waguespack to show cause why she should not restore it to them as a movable.

The trial judge found that there were approximately 450 sacks of seed rice on hand and that it was all immovable by destination, and therefore passed with the plantation.

In this court the liquidators, while admitting that all the seed rice held by them for use on the Union Plantation should be considered immovable by destination under Article 468 of the Revised Civil Code, argue that 184 sacks of the rice should be held movable, because that amount was intended for planting on St. Mary Plantation, which was leased, but not owned by the original company.

The evidence shows the following:

Union, Tippecanoe and Bagatelle plantations, belonging to the Union Planting & Manufacturing Company, were operated by them under the general name of "Union Plantation." This company also leased and operated the St. Mary Plantation along with the other three, apparently treating all four, for purposes of cultivation, as one plantation. When the planting company became involved, liquidators were appointed and the property of the Union Planting & Manufacturing Company was sold under foreclosure to Mrs. Aubert Waguespack.

Leonard Waguespack, the former president of the company, now one of its liquidators, testified on direct examination that there was on hand at the time of the sale approximately 450 bags of seed rice; that the liquidators intended to plant 325 acres in rice on Union and Tippecanoe Plantations, and on St. Mary Plantation 225 acres, and it is on this testimony that counsel contends 225/550ths of 450 sacks, or 184 sacks of seed rice, should be considered movable.

On cross-examination this witness testified that he had intended to buy in the properties at foreclosure; that he had allowed all the rice to be inventoried as seed rice and that he did not know exactly the amount of rice then on hand, as some of the sacks contained rat holes and there was some wastage; that it was frequently necessary to sow seed rice more than once in order to get a stand and that he could not say exactly how much rice would be used for seed on these two plantations, as he could not tell how often they would have to replant, but 450 sacks would not be necessary for planting Tippecanoe and Union; that they had intended to sell some, of this rice and buy a better quality. But he entirely failed to explain why he waited from December 15th to March 1st without making any attempt to sell it.

Haydel, manager of Union Plantation, one of the appraisers, testified that all the rice had been appraised as seed rice, in the presence of Leonard Waguespack, and with his approval.

Rome, the clerk of court, who made the inventory, testified that Leonard Waguespack, who was present at the time he made the inventory, then apparently considered all the rice as seed rice.

The above analysis shows that the exact amount of seed rice necessary for the two plantations operated by the Union Planting & Manufacturing Company is by no means certain. One fact stands out clearly: That Mr. Waguespack has entirely changed his mind since he failed to buy in the property at the foreclosure sale.

While the testimony is conflicting, we find no errors in the finding of fact by the trial judge.

For above reasons the judgment is affirmed.